UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGELA NAILS, | Civil No. 13-3145 (DWF/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| US BANK NA, ND, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

I.     BACKGROUND

Plaintiff alleges that she has a checking account, and a credit card account, with defendant US Bank. Between July and October of 2013, defendant allegedly made several errors that affected plaintiff's accounts. Plaintiff alleges that:

(1)     Defendant "took advantage" of plaintiff's checking account, by "accepting a certified letter inside a money order;"

(2)     Defendant somehow either lost $183.05, or erroneously sent that amount to a credit card account that plaintiff has with "Office Depo;" and

(3)     Defendant has wrongly refused to cancel or re-credit a $75.00 charge on plaintiff's credit card account, even though plaintiff allegedly notified defendant that the

charge was disputed.

Plaintiff is seeking a judgment against defendant for damages in the total sum of $7,975.00, consisting of: (1) $75.00 for failing to cancel or re-credit the disputed credit card charge, (2) "$400.00 for checking account accepting account to be put at-o-balance [sic]," and (3) $7,500.00 to compensate plaintiff for various telephone calls and letters that she has written to defendant during the past several months.

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

As noted above, plaintiff has not identified any grounds for federal subject matter jurisdiction in this case. Although plaintiff has not cited any specific legal basis for her current lawsuit, it appears that her claims are based on some type of tort or contract theory,

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

or perhaps some state codification of the Uniform Commercial Code. Plaintiff's complaint does not mention any federal statute, and nothing in the complaint suggests that any of plaintiff's claims against defendant are based on any federal law or federal legal theory. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Plaintiff has likewise failed to show that subject matter jurisdiction exists under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (I) the parties are citizens of different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Although it appears that plaintiff and defendant <u>might be</u> citizens of different states,[2] the complaint plainly shows that § 1332's "amount in controversy" requirement is <u>not</u> satisfied in this case.

In order to meet the statutory amount in controversy requirement, a plaintiff must allege facts in the complaint, which show that his or her damages, if proven, will exceed the jurisdictional minimum of $75,000.00. In this case, plaintiff is seeking damages in the amount of only $7,975.00; and based on the allegations in her complaint, it is hard to imagine why she believes she is entitled to even that much compensation. In any event, it is evident, on the face of the complaint, that the dollar amount of plaintiff's claim is far below the statutory minimum prescribed by § 1332. Therefore, subject matter jurisdiction cannot exist under the diversity of citizenship statute, even if plaintiff and defendant are citizens of different states.

Because plaintiff has not identified any grounds for federal subject matter jurisdiction in this case, her current complaint cannot be entertained in federal court. The Court will

---

[2] Plaintiff's complaint plainly indicates that she is a resident of Kansas, but it is not clear whether defendant must be considered a resident of a different state, for purposes of determining "diversity of citizenship" under § 1332.

therefore recommend that plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** without prejudice for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: November 20, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 4, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3] The Court's recommendation does not necessarily signify that plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court. It is doubtful, however, that plaintiff's current complaint could survive preliminary review if it were filed in state court, because she has not adequately described the factual and legal bases for her claims. Indeed, plaintiff's current pleading is, for the most part, unintelligible. If plaintiff believes she actually has some valid claim against defendant, she should consult with an attorney (perhaps at a legal aid clinic) before attempting to pursue any further legal action.

4